■ In the Matter of DIANA E., Appellant, v ANGEL M., Respondent. [799 NYS2d 484]—

Order, Family Court, New York County (Rhoda J. Cohen, J.), entered August 8, 2003, which denied petitioner's motion to estop respondent from requesting a genetic marker test, unanimously reversed, on the law and the facts, without costs, and petitioner's motion granted.

Respondent was living with and having sexual relations with petitioner for more than six months prior to her becoming pregnant in December 1992; was present at their daughter's birth in September 1993; signed documents necessary to have himself listed as the child's father on the child's birth certificate; continued to live together with petitioner and their daughter as a family until January 2002; and continues to visit every other Friday with the now-11-year-old girl who knows and loves him as her father. Given these circumstances, it is clearly in the child's best interests to estop respondent from now seeking a

genetic marker test in order to contest paternity for the first time and thereby avoid his responsibility to support her (*see Matter of Enrique G. v Lisbet E.*, 2 AD3d 288, 289 [2003]). Family Court's statement on the record that it was basing its decision on the fact that there is no legal relationship between respondent and the child's mother in that they are not legally married (its order refers to the lack of "a legal relationship with the subject child") applied an incorrect standard, and *Matter of Sandra S. v Larry W.* (175 Misc 2d 122 [1997]), relied on by respondent, is clearly distinguishable on its facts. Concur—Tom, J.P., Andrias, Ellerin, Nardelli and Sweeny, JJ.